IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on November 19, 2012

## SUSAN ELLIOTT v. JAMES LUCAS MUHONEN and
## ERIC RAY ELLIOTT

**Appeal from the Circuit Court for Bradley County**
**Nos. V-05-409 and V-12-713      Lawrence Howard Puckett, Judge**

_____

**No. E2012-02448-COA-10B-CV - Filed November 30, 2012**

_____

This is an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of motions for recusal in two post-divorce cases involving custody of the parties' minor children. Having reviewed the appellant's petition for recusal appeal pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, we affirm the Trial Court.

**Tenn. R. App. P. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

D. Mitchell Bryant, Athens, Tennessee, for the appellant, Susan Elliott.

Phillip McCarroll Jacobs, Cleveland, Tennessee, for the appellees, James Lucas Muhonen and Eric Ray Eliott.

**OPINION**

This appeal arises out of two post-divorce cases involving custody of the parties' minor children. The appellant, Susan Muhonen Elliott ("Mother"), and the appellee, James Lucas Muhonen ("Muhonen"), were divorced pursuant to a judgment entered on January 19, 2007, in Bradley County Circuit Court case number V-05-409. The judgment designated Mother as the primary residential parent of the parties two minor children. Mother subsequently married the appellee, Eric Ray Elliott ("Elliott"), in February of 2008. Mother

and Elliott were divorced pursuant to a judgment entered in June of 2010, that designated Mother as the primary residential parent of the only child born to Mother and Elliott during this short marriage.

In July of 2012, Muhonen and Elliott each filed an emergency petition in their respective cases seeking custody of their respective children based upon Mother's arrest on July 23, 2012, on a charge of aggravated domestic assault. The charge arose out of an alleged incident at Mother's home in which her boyfriend, Gregory Grammer, alleged that she had beaten him with a baseball bat and a paddle and then directed her three-year-old son, who is Elliott's child, to bite Grammer. The Muhonen children were with Muhonen and not with Mother when the alleged incident occurred.

Based upon Mother's arrest, Muhonen filed in the Muhonen divorce case number V-05-409 a petition for modification of custody of the parties' minor children. Muhonen also obtained an emergency *ex parte* order in that case that named him as the primary residential parent of the Muhonen children on a temporary basis and temporarily suspended Mother's co-parenting time with the children pending a final hearing on the modification petition. Following a hearing in August of 2012, the Trial Court entered an interim order that maintained temporary custody of the Muhonen children with Muhonen, allowed Mother co-parenting time with the children every other weekend, stripped Mother of all decision making authority with regard to the children pending further order of the court, directed Mother to immediately submit herself to a drug and alcohol assessment, and directed Mother to obtain a psychological evaluation and participate in a parental fitness evaluation prior to being granted any additional co-parenting time with the children. In the order, the Trial Court commented that Mother's continued relationship with Grammer "call[ed] into question her decision making ability." The Trial Court Judge also noted in the order that he "remember[ed] the initial allegations [in the parties' divorce] with regard to sexual abuse committed by [Muhonen]" and that he had found "that those allegations were unfounded." The Trial Court stated in the order that "[i]t was fool hardy for the Mother's safety and the safety of her children" for her to continue to be intimate with Grammer "after she knew what he was capable of." The Trial Court found that Mother had behaved in a manner to cause "concern that there is a substantial likelihood of harm to the children if the parenting schedule is not altered."

Based upon Mother's arrest, Elliott filed in the Juvenile Court for Bradley County, Tennessee a petition to have his and Mother's child declared dependent and neglected as a result of Mother's alleged acts of violence and involvement of the child in those acts of violence. This petition alleged that Elliott had been granted temporary custody of his son by the General Sessions Court of Bradley County, Tennessee on July 24, 2012. An emergency *ex parte* order was entered by the Juvenile Court on July 27, 2012, naming Elliott as the

primary residential parent of the Elliott child on a temporary basis and temporarily suspending the Mother's co-parenting time with this child pending a final hearing on the dependency and neglect petition. On October 1, 2012, the Juvenile Court dismissed the dependency and neglect petition finding that the child "is not dependent and neglected...and this Court therefore has no jurisdiction in this matter...." The order of dismissal, however, directed that physical custody of the Elliott child would remain with Elliott pending the outcome of any appeal filed. Elliott timely filed an appeal to the Circuit Court from the Juvenile Court's dismissal of the dependency and neglect petition. The appeal was assigned Bradley County Circuit Court case number V-12-713.

According to the petition filed in this Court, on October 30, 2012, after the criminal charge was dismissed against Mother, Mother filed a motion to recuse the Trial Court Judge in both the Muhonen modification proceeding and the Elliott appeal from the dependency and neglect order of dismissal. The petition for recusal appeal filed in this Court also asserts that the Trial Court Judge denied the motions in both cases by written order entered on October 31, 2012.

**ANALYSIS**

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06. While not explicitly stated as such in the rule, it is clear that the only record the appellate court generally will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by the appellant is insufficient to support a finding of error on the part of the trial court. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of the rule.

The appellant asserts in her petition that the Trial Court Judge should have recused himself in both cases based upon the motions she filed in each case. The record, however, submitted by the appellant with her petition for recusal appeal includes only the motion for recusal of the Trial Court Judge filed in the Muhonen modification proceeding (case number V-05-409), an affidavit from appellant's counsel in support of the motion for recusal filed in the Elliott dependency and neglect appeal (case number V-12-713), and the order and amended order denying the motion to recuse filed in the Elliott dependency and neglect appeal (case number V-12-713). The record provided by the appellant does not include the motion for recusal of the Trial Court Judge filed in the Elliott dependency and neglect appeal, which Rule 10B states must contain certain required assertions of fact. See Tenn. Sup. Cr. R. 10B, § 1.01 ("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."). The record provided by the appellant also does not include any affidavit in support of the motion for recusal filed in the Muhonen modification proceeding, which Rule 10B makes mandatory. See Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."). The record provided by the appellant also does not include any order denying the motion for recusal filed in the Muhonen modification proceeding. Without these necessary parts of the record, we cannot conclude that the trial court erred in denying the motions for recusal.[1]

It appears that the appellant's inappropriate unilateral attempt to consolidate on appeal two cases that appear never to have been consolidated below has lead to an insufficient record being provided to this Court in this appeal. We emphasize to counsel that the

---

[1]In addition, it should be noted that the copies of the motion for recusal of the Trial Court Judge filed in the Muhonen modification proceeding and affidavit from appellant's counsel in support of the motion for recusal filed in the Elliott dependency and neglect appeal are not file-stamped copies of these pleadings. As such, we cannot conclude that the copies of these documents provided by the appellant as part of the record for our review are copies of the actual documents filed by Mother in these two cases in the trial court. We are not saying they are not copies of the actual documents filed, but only that without the trial court clerk's file stamp on the documents we cannot be certain. For purposes of our decision, we, however, have treated those documents as being copies of the documents filed.

accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this court so as to allow this court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis....". As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

Even if we were to treat the record as sufficient to determine the issues raised by the appellant in this appeal, we still could not conclude that the Trial Court erred in denying the motions to recuse. Assuming that Mother asserted the same grounds for recusal in both cases below, her grounds for recusal amount to arguing only that the Trial Court Judge made findings of fact and adverse rulings as to her in prior litigation. These allegations are insufficient, without more, to show that the Trial Judge is prejudiced against Mother and should be recused from her cases. *See In Re: Bell*, 344 S.W.3d 304, 316 (Tenn. 2011) (" 'A judge is in no way disqualified because he tried and made certain findings in previous litigation,' and 'the mere fact that a judge has ruled adversely to a party or witness in prior judicial proceedings is not grounds for recusal.' ") (quoting *State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995), and *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001)). With this being so, even if we treat the record as being sufficient, we still could not conclude that reversible error occurred when the Trial Court denied Mother's motions to recuse.

## CONCLUSION

Having determined that the record provided by the appellant is insufficient to support a finding of error on the part of the Trial Court, we affirm the Trial Court's denials of the motions to recuse that appellant asserts were filed in both cases. These cases are remanded to the Trial Court for further proceedings consistent with this Opinion. The appellant and her surety are taxed with the costs of this appeal, for which execution may issue.

_____
D. MICHAEL SWINEY, JUDGE